JUL. 0. 2015 8:25AM CORE CARRIER CORP NO. 4001 P. 5

6/17/2015 4:26:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5719215
By: Nelson Cuero
Filed: 6/17/2015 4:26:24 PM

## 2015-34860 / Court: 129

### CAUSE NO. _____

| | | |
|---|---|---|
| **MATIAS OLGUIN** *Plaintiff* | § § § | **IN THE DISTRICT COURT OF** |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **EDWARD BRADFIELD AND CORE CARRIER CORPORATION** *Defendants* | § § § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

NOW COMES, Plaintiff *MATIAS OLGUIN* (hereinafter Plaintiff *"OLGUIN"*) complaining of Defendants *EDWARD BRADFIELD AND CORE CARRIER CORPORATION* (hereinafter "Defendants") and for cause of action and grounds for relief, Plaintiff would respectfully show unto this Honorable Court and Jury the following:

### I.
### DISCOVERY

1.1. Plaintiff requests discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1 Plaintiff MATIAS OLGUIN is a resident of Houston, Harris County, Texas, whose last three digit of his Social Security No. XXX-XX-X026.

2.2 Defendant EDWARD BRADFIELD is an individual and resident of Bates City, Missouri whom may be served with process at 1449 N. Outer Rd., LOT 102, Bates City, Missouri 64011, or wherever he may be found.

2.3 Defendant CORE CARRIER CORPORATION registered to do business in the State of Texas and may be served with process by serving its registered agent John C. Sims at Sims, Hubbert & Wilson, 1205 Broadway, Lubbock, Texas 79401 or wherever he may be found.

## III.
## VENUE

3.1     The court has jurisdiction over the Defendant because this incident occurred in Houston, Harris County, Texas, and because the damages are within the jurisdictional limits of this court.

## IV.
## FACTS

4.1     On or about August 30, 2013, Plaintiff OLGUIN was injured as a result of a motor vehicle collision caused by Defendant BRADFIELD.   At the time of the collision, Plaintiff OLGUIN was operating a 1997 Honda, Texas License Plate No. CL3W343, VIN No. 1HGCD5634VA046563, and Defendant BRADFIELD was operating a 2002 Jeep, License Plate No. P454641, VIN No. 1J4GW48S32C268417 and a white Trailer, Illinois License Plate No. T383820, VIN No. 1JJV532W56L965882 owned by Defendant CORE CARRIER CORPORATION.

4.2     Defendant BRADFIELD failed to drive in a single lane, and he was the proximate cause of the incident. Defendant BRADFIELD received a citation for failure to maintain a single lane of traffic. As a direct result of the accident, Plaintiff OLGUIN suffered serious bodily injuries.

## V.
## NEGLIGENCE

5.1     Plaintiff incorporates and re-alleges the allegations of Paragraphs 4.1 through 4.2 inclusive, as if fully set forth verbatim.

5.2     Plaintiff alleges that Defendant BRADFIELD was negligent generally and in one or more of the following ways at the time of the incident made the basis of Plaintiff's claim:

      5.2.1     In failing to maintain an assured safe distance;

      5.2.2     In failing to control the speed of his vehicle;

5.2.3   In failing to timely apply the brakes to his vehicle;

5.2.4   In failing to yield the right of way;

5.2.5   In failing to take proper evasive action;

5.2.6   In failing to keep a proper lookout;

5.2.7   In failing to operate his vehicle in an attentive manner;

5.2.8   By operating his vehicle in a reckless and unsafe manner in conscious disregard of the Plaintiff's safety and welfare; and

5.2.9   In committing such other and further acts and omissions to which Plaintiff may prove at trial.

5.3   Plaintiff alleges that Defendant CORE CARRIER was negligent generally and in one or more of the following ways that proximately caused Defendant's injuries and damages, to wit:

5.3.1   In failing to properly train its employees/contractors, including Defendant BRADFIELD, in accordance with industry standards and the State and Federal Motor Carrier Regulations;

5.3.2   In failing to implement safety standards and procedures in accordance with industry standards and the State and Federal Motor Carrier Regulations;

5.3.3   In failing to supervise its employees/contractors, including Defendant BRADFIELD in accordance with industry standards and the State and Federal Motor Carrier Regulations;

5.3.4   In failing to enforce upon its employees/contractors, including Defendant BRADFIELD, compliance with industry standards and the State and Federal Motor Carrier Regulations;

5.3.5   In violating industry standards and State and Federal Motor Carrier Regulations; and

5.3.6   In committing such other and further acts and omissions to which Plaintiff may prove at the trial of this matter.

5.4    As a direct result of the impact made the basis of this suit, Plaintiff suffered serious bodily injuries.

5.5    Plaintiff shows that the acts and omissions referenced in this paragraph were the proximate cause of Plaintiff's injuries and damages.

## VI.
## NEGLIGENCE PER SE

6.1    Plaintiff alleges that Defendant BRADFIELD was negligent per se generally and in one or more of the following ways at the time of the incident made the basis of plaintiff's claim:

6.1.1    In failing to control the speed of his vehicle in violation of §545.351of the Texas Transportation Vehicle Code;

6.1.2    In operating his vehicle in excess of posted speed limits in violation of §545.351 and §545.352 of the Texas Transportation Code;

6.1.3    In failing to use a turn signal indicating an intention to turn to the left or to the right and/or to change lanes in violation of §545.104 of the Texas Transportation Code;

6.1.4    In failing to drive in a single lane in violation of §545.060 of the Texas Transportation Code;

6.1.5    In failing to maintain his vehicle on a direct course in violation of §545.103 of the Texas Transportation Code;

6.1.6    In operating his vehicle in a reckless disregard of Plaintiff's safety in violation of §545.351 of the Texas Transportation Code;

6.1.7    In operating his vehicle at an excessive speed limit posted upon a public road/highway in violation of §545.351 of the Texas Transportation Code; and

6.1.8    In operation his vehicle in reckless disregard for the safety of other persons or property in violation of §545.401 of the Texas Transportation Code.

6.2    Each of the above and foregoing acts and/or omissions committed by Defendants constitute negligence, negligence per se and gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries.

OLGUIN, MATIAS                    PLAINTIFF'S ORIGINAL PETITION                    PAGE 4 OF 7
(CLIENT # 13-3064)                AND REQUEST FOR DISCLOSURE

# VII.
## DAMAGES

7.1     Plaintiff incorporates and re-alleges the allegations of Paragraphs 4.1 through 4.2 inclusive, as if fully set forth verbatim.

7.2     Pursuant to TRCP 47(c) (4), Plaintiff seeks monetary damages over $200,000.00 but not more than $1,000,000.00.

7.3     As a result of Defendants' conduct, Plaintiff was severely injured.   Plaintiff therefore seeks to recover those damages provided by law specified under paragraph 7.2 above, which include:

7.3.1    Medical expenses in the past;

7.3.2    Medical expenses that, in reasonably probability, Plaintiff will sustain in the future;

7.3.3    Loss of income/earning capacity in the past;

7.3.4    Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

7.3.5    Physical impairment in the past;

7.3.6    Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

7.3.7    Disfigurement sustained in the past;

7.3.8    Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

7.3.9    Physical pain and mental anguish in the past;

7.3.10   Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future; and

7.3.11   Actual damages and punitive damages for Defendant's negligent acts and omissions, negligence per se, and/or negligent entrustment, referenced herein.

7.4    Plaintiff shows that the acts and omissions referenced in this paragraph was the proximate cause of Plaintiff's injuries and damages.

## VIII.
## REQUEST FOR DISCLOSURE

8.1    Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and/or materials described in Rule 194.2 of the Texas Rules of Civil Procedure within fifty (50) days from the date of service of Plaintiff's Original Petition.

## IX.
## AUTHENTICATION OF DOCUMENTS

9.1    Plaintiff gives actual notice to Defendants and/or co-Defendants, if any, that any and all documents produced by Defendants during discovery may be used against the Defendant(s), at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## X.
## DEMAND FOR JURY

10.1    Plaintiff demands a trial by jury.

## XI.
## PRAYER

11.1    Plaintiff requests that Defendants be cited to appear and answer, and that upon final trial, Plaintiff has judgment against Defendants, jointly and severally as follows:

      a.    actual damages as more particularly described above;

      b.    consequential damages as more particularly described above;

      c.    pre-judgment and post-judgment interest as the maximum rate allowed by law;

      d.    all costs of Court; and

      e.    such further and other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE HAVINS LAW FIRM, L.P.

By: _____

DAVID P. HAVINS
T.B.A. # 09239700
6750 West Loop South, Suite 800
Bellaire, Texas 77401
(713) 484-5514
(713) 665-6818 (fax)
*Attorneys for Plaintiff Matias Olguin*

6/17/2015 4:26:24 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 5719215
By: CUERO, NELSON
Filed: 6/17/2015 4:26:24 PM

CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED  Matias Olguin vs. Edward Bradfield and Core Carrier Corporation

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:** David P. Havins <br> **Email:** roxana@havinslaw.com | | **Plaintiff(s)/Petitioner(s):** <br> Matias Olguin | ☑ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| **Address:** 6750 W. Loop S., #800 <br> **Telephone:** 713-484-5514 | | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Bellaire, Texas 77401 <br> **Fax:** 713-665-6818 | | **Defendant(s)/Respondent(s):** <br> Edward Bradfield <br><br> Core Carrier Corporation | **Custodial Parent:** _____ <br><br> **Non-Custodial Parent:** _____ |
| Signature: <br> **State Bar No:** 09239700 | | | **Presumed Father:** _____ |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br><br><br> **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Certified Document Number: 65862554 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 28, 2015

Certified Document Number:        65862554 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**